UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN RISSMILLER,

                Plaintiff,

v.                                      Case No. 3:10-cv-898-J-34TEM

TERENCE MARTIN, etc.;
et al.,

                Defendants.

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

     Plaintiff Kevin Rissmiller, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Complaint) (Doc. #1) on October 1, 2010, pursuant to 42 U.S.C. § 1983. He names the following individuals as the Defendants in this action: (1) Angela Corey, State Attorney; (2) Terence Martin, Assistant State Attorney; (3) Office of the State Attorney; and (4) the State of Florida. Plaintiff claims that the Defendants violated his federal constitutional rights when Assistant State Attorney Martin, under the supervision of State Attorney Corey, made false and prejudicial statements to Daniel Wesley Cornwell (Plaintiff's character

witness) and requested a continuance based on a false statement, thus delaying Rissmiller's trial. As relief, Plaintiff requests that this Court dismiss his criminal charges and award him monetary damages for the loss of his freedom and the cruel and unusual punishment suffered in confinement.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (PLRA), which requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual

allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).  "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'"  Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).

    Additionally, in any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:  (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Houston v. Williams, 547 F.3d 1357, 1360-61 (11th Cir. 2008) (citing 42 U.S.C. § 1983).  The State of Florida is named as a Defendant in the Complaint.  To the extent that Plaintiff is seeking damages from the State of Florida, the Eleventh Amendment bars a suit against the State of Florida.  See Gross v. White, 340 Fed.Appx. 527, 530 (11th Cir. 2009) (per curiam) (not selected for publication in the Federal Reporter) ("Congress did not abrogate a state's Eleventh Amendment immunity for § 1983 lawsuits seeking damages."); Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam) (stating that "Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages") (footnote omitted).

Furthermore, Plaintiff has named Assistant State Attorney Terence Martin, the prosecutor in Rissmiller's criminal proceeding, as a Defendant in this action. In addition to naming the Assistant State Attorney, Plaintiff has named the State Attorney and the Office of the State Attorney. Prosecutors are entitled to "absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); and, Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)); see also Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273, (1993)). Thus, the prosecutors are absolutely immune from suit in this case.

To the extent that Plaintiff is seeking the dismissal of his criminal case and release from jail, Plaintiff is actually seeking habeas relief. The proper avenue to seek such relief is through a petition for writ of habeas corpus, after exhausting state court remedies. See 28 U.S.C. § 2254. The Clerk of the Court will be directed to send the proper form to Plaintiff for his use in initiating a habeas corpus action.

Finally, Plaintiff did not pay the $350.00 filing fee or file a request to proceed in forma pauperis. If Plaintiff decides to

4

initiate a new civil rights case, he must pay the $350.00 filing fee or file a request to proceed in forma pauperis within thirty days of the commencement of the action. See Rule 1.03(e), Local Rules of the United States District Court for the Middle District of Florida. For these reasons, this case will be dismissed without prejudice to Plaintiff's right to refile by using the proper forms and initiating the actions in the proper courts.

Accordingly, it is now

**ADJUDGED:**

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

3. The **Clerk of the Court** shall send Plaintiff a civil rights complaint form, a habeas corpus petition form and two (2) Affidavit of Indigency forms. If Plaintiff elects to refile his claims, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of October, 2010.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

```
sc 10/20
c:
Kevin Brian Rissmiller, Sr.
```